KALVAR DATACORP, Relator,

v.

Mary C. RYNERSON, Priscilla St. Aubin, Department of Economic Security, Respondents.

Nos. C8–85–797, C6–85–796.

Court of Appeals of Minnesota.

Oct. 15, 1985.

Dudley R. Younkin, Minneapolis, for relator.

Mary C. Rynerson, pro se.

Priscilla St. Aubin, pro se.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., for Department of Economic Sec.

Heard, considered, and decided by HUSPENI, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Relator seeks review of a determination by the Commissioner of Economic Security that respondents were entitled to unemployment benefits. We reverse.

## FACTS

For several years prior to 1984, respondents were employees of Kalvar Datacorp. On October 18, 1984, both submitted their letters of resignation. St. Aubin's letter stated she would work until November 27, 1984; Rynerson stated her last day of work would be November 30, 1984. Instead of allowing respondents to work until their designated termination dates, the relator discharged respondents immediately, stating that their continued employment presented security risks. Relator provided respondents with two weeks' severence pay.

Respondents applied for unemployment compensation, and a claims deputy allowed their claims, determining that relator had terminated respondents for reasons other than misconduct. A referee reversed, concluding that the respondents had voluntarily terminated their employment and were therefore not entitled to benefits. A commissioner's representative in turn reversed the referee and found that respondents were entitled to benefits.

## ISSUE

Are respondents entitled to unemployment compensation because, after they had tendered letters of resignation providing more than 30 days' notice, they were immediately discharged?

## ANALYSIS

Minnesota law provides an individual with unemployment compensation if the individual meets the eligibility requirements. Minn.Stat. § 268.08 (1984). An individual who voluntarily terminates employment will not qualify for benefits. *Id.* § 268.09.

The statute provides various exceptions to disqualification for quitting. One of them is the cause of controversy here.

An individual shall not be disqualified [where]: * * *

(e) The individual is terminated by his employer because he gave notice of intention to terminate employment within 30 days. This exception shall be effective only through the calendar week which includes the date of intended termination. * * *

Minn.Stat. § 268.09, subd. 1(2)(e).

In the present situation, respondents gave notice of more than 30 days. It must be decided whether giving notice of more than 30 days should preclude respondents from receiving unemployment compensation.

It is apparent that the legislature enacted the 30-day exception to the voluntary-leave provision for purposes of fairness. It would be unfair to preclude an individual from receiving some benefits where an employer fired the individual after the individual provided a reasonable notice of intent to terminate. Reasonable notice in the eyes of the legislature is one given within 30 days of the termination date. It is fair to impose on the employer the burden to maintain the employee until the date of the employee's stated termination date when that date is within 30 days of the date of the notice. Conversely, it would be unfairly burdensome to be expected to maintain such an employee for more than 30 days. The statute avoids the requirement for long term support of a lame duck employee. The employer may be anxious to begin training a new person, or the employer may feel constrained from implementing new plans until the replacement employee has begun work. Another conceivable situation was suggested in this case: the employer will not feel free to confide in the employee who is quitting.

The commissioner's representative decided that respondents were qualified for the full term of their unemployment because the 30-day qualification rule did not apply. He views the 30-day rule as a short term benefit exception to a rule of full qualification. The representative suggests it is for the legislature to decide whether this qualification should end at the announced time for termination, as has been provided for in cases where notice is within 30 days of termination.

The representative's decision turns the statute on its head. The 30-day rule is an exception to disqualification. If inapplicable, disqualification is the result, not full qualification. An opposite view would permit an employee to manipulate for an unfair guarantee that he will be given either full employment privileges through a prolonged lame duck period, or else will be given full unemployment benefits. If an inequity begs for legislative attention, it is the absence of some short term benefits when the notice exceeds 30 days.

It is true, as observed by the commissioner's representative, that the law favors benefits for fired employees. Nevertheless, in the mixed situation of quitting and then being fired, the statutory prescription is one for disqualification, subject to a limited exception.

### DECISION

The legislature did not bind employers to employees who submit notices of intent to terminate employment effective more than 30 days from the date of the notice. Therefore, an employer who receives such a notice may discharge the employee submitting the notice without liability for payment of unemployment benefits.

Reversed.